*JUDGE GARDEPHE*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ROBERTO VARGAS,

                              Plaintiff,

              -against-

Police Officer JOSE LIZARDO, Shield No. 10500;
Deputy Commissioner of Operations JOSEPH
RIVERA, Shield No. 647; Detective Erin Barnes,
Shield No. 03059; and JOHN and JANE DOE 1
through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                              Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded



## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation
of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the
Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United
States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and
1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**JURY DEMAND**

5.      Plaintiff demands a trial by jury in this action.

**PARTIES**

6.      Plaintiff Roberto Vargas ("plaintiff" or "Mr. Vargas") is a resident of New York County in the State of New York.

7.      Defendant Police Officer Jose Lizardo, Shield No. 10500 ("Lizardo"), at all times relevant herein, was an officer, employee and agent of the NYPD during the events described herein occurring on April 11, 2013.  Defendant Lizardo is sued in his individual and official capacities.

8.      Defendant, current Deputy Commissioner of Operations, Joseph Rivera, Shield No. 647 ("Rivera"), at all times relevant herein, was an officer, employee and agent of the NYPD, during the incidents described herein occurring on August 31, 2013.  Defendant Rivera is sued in his individual and official capacities.

9.      Defendant Detective Erin Barnes, Shield No. 03059 ("Barnes"), at all times relevant herein, was an officer, employee and agent of the NYPD, during the incidents described herein occurring on August 31, 2013.  Defendant Barnes is sued in his individual and official capacities.

10.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

*April 11, 2013 arrest*

13.     At approximately 5:15 p.m. Mr. Vargas was lawfully walking his motorized bicycle toward his apartment building in the vicinity of 217 West 165th Street in Manhattan.

14.     Mr. Vargas was not riding the motorized bicycle, the engine was off and there were no keys in the ignition.

15.     Defendant Lizardo approached Mr. Vargas and demanded plaintiff's driver's license.

16.     Notwithstanding that Mr. Vargas was not driving the vehicle and that he had broken no laws, plaintiff offered to go upstairs to get his license.

17.     Defendant Lizardo refused to allow Mr. Vargas to retrieve his license.

18.     Defendant arrested plaintiff without probable cause or reasonable suspicion to believe Mr. Vargas had committed any crime or offense.

19.     Plaintiff was eventually taken to the 32nd Precinct.

20.     At the precinct defendants falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff driving without a license.

21.     At no point did the defendants observe plaintiff commit any crime or offense.

22.     Mr. Vargas was eventually taken to Manhattan Central Booking.

23.     Plaintiff was arraigned in New York County Criminal Court where he was released on his own recognizance.

24.     On August 26, 2014, the charge against Mr. Vargas was dismissed.

*August 31, 2013 arrest*

25.     At approximately 9 p.m., Mr. Vargas was lawfully driving his vehicle in the vicinity of 601 West 135th Street in Manhattan when defendants directed plaintiff to pull his vehicle over.

26.     Mr. Vargas complied.

27.     Defendants violently pulled plaintiff out of his vehicle.

28.     Without reasonable suspicion to believe plaintiff had committed any crime or offense, the defendants intrusively searched him.

-4-

29.     Mr. Vargas had nothing illegal on his person.

30.     When the defendants found candy on plaintiff's person, they handcuffed him.

31.     Mr. Vargas explained to defendants that what they had found was candy and not drugs and asked defendants to look at and smell the candy to confirm.

32.     Defendants refused to do so.

33.     Instead, they falsely arrested Mr. Vargas for possession of candy.

34.     Mr. Vargas was taken to a police precinct.

35.     During the transport, Mr. Vargas began to suffer an asthma attack.

36.     Plaintiff asked to be taken to a hospital, but defendants refused his request.

37.     At the precinct, Mr. Vargas continued to explain to defendants that they were arresting him for candy.

38.     Meanwhile, defendants prepared false paperwork stating that they had observed plaintiff in possession of crack cocaine, a controlled substance.  The officers forwarded this false information to prosecutors in the New York County District Attorney's Office.

39.     At no point did the defendants observe plaintiff commit any crime or offense.

40.     Mr. Vargas again requested medical treatment for his asthma while at the

-5-

Precinct, but defendants again refused his request.

41.     Mr. Vargas was eventually taken to Manhattan Central Booking.

42.     Plaintiff was arraigned in New York County Criminal Court where bail was imposed.

43.     Unable to make bail, Mr. Vargas was held in the "Tombs."

44.     On September 6, 2013, the charges against Mr. Vargas were dismissed.

45.     On or about September 7, 2013 Mr. Vargas was released from the "Tombs," after approximately eight days.

46.     Mr. Vargas suffered damage as a result of defendants' actions on April 11, 2013 and August 31, 2013.   Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, pain, bodily injury, an unlawful strip search and damage to his reputation.

### FIRST CLAIM
**Unlawful Stop and Search**

47.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

49.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

-6-

## SECOND CLAIM
### False Arrest

50.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

52.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

53.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

55.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Prosecution

56.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

58.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.   The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

59.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

60.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61.     The individual defendants created false evidence against plaintiff.

62.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

63.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair

-8-

trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

64.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Deliberate Indifference to Medical Needs

65.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66.   At the time of plaintiff's arrest on August 31, 2013, the individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

67.   Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

68.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

69.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

71.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

72.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:       September 12, 2014
             New York, New York

HARVIS WRIGHT & FETT LLP

Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiff*

-11-